# In the United States Court of Federal Claims

OFFICE OF SPECIAL MASTERS
No. 99-669V
Filed: March 28, 2014
Redacted: April 9, 2014
Not for Publication

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
DR. ROBERT G. SHARKEY and           \*
JACQUELINE K. SHARKEY, as Parents   \*
and Natural Guardians of R.R.S.,    \*
                                    \*
       Petitioners,                 \*
                                    \*       Damages decision based on proffer;
v.                                  \*       adverse effects; GBS; hepatitis B
                                    \*
SECRETARY OF HEALTH                 \*
AND HUMAN SERVICES,                 \*
                                    \*
       Respondent.                  \*
                                    \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Altom M. Maglio, Sarasota, FL, for petitioners.
Linda S. Renzi, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION AWARDING DAMAGES[1]

On August 5, 1999, petitioners filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10–34 (2006), alleging that R.R.S. suffered "adverse effects," including Guillain-Barré syndrome ("GBS"), as a result of receiving hepatitis B ("Hep B")

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this decision on the United States Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

1

vaccine on June 7, 1995.

This case was part of the Hepatitis B-Neurological Demyelinating Omnibus Proceeding ("Omnibus" or "Hep B Omnibus"), and was effectively stayed until 2006, when decisions were issued in the Omnibus test cases.[2]

A hearing was held in January 2010. On December 10, 2010, then-Chief Special Master Lord issued a Ruling on Entitlement, finding that R.R.S.'s GBS was caused by his Hep B vaccination.

On March 28, 2014, respondent filed Respondent's Proffer on Award of Compensation. The undersigned finds the terms of the proffer to be reasonable. Based on the record as a whole, the undersigned finds that petitioners are entitled to the award as stated in the proffer. Pursuant to the terms stated in the attached proffer, the court awards petitioners:

a. a lump sum payment of **$2,888,204.00**, representing compensation for lost earnings ($877,840.70), pain and suffering ($250,000.00), and life care expenses expected to be incurred during the first year after judgment ($1,760,363.30). The award shall be in the form of a check made payable to petitioners as guardians/conservators of R.R.S., for the benefit of R.R.S.; and

b. a lump sum payment of **$1,329,251.68**, representing compensation for past unreimbursable expenses. The award shall be in the form of a check made payable to Dr. Robert G. Sharkey and Jacqueline K. Sharkey, petitioners; and

c. a lump sum payment of **$932,088.85**, representing compensation for satisfaction of the State of Florida Medicaid lien. The award shall be in the form of a check made payable jointly to petitioners and

> Agency for Health Care Administration
> Florida TPL Recovery Unit
> P.O. Box 12188
> Tallahassee, FL 32317-2188
> Attn: Mr. Mark Lyles
> Case ID: 122140.

Petitioners agree to endorse this payment to the State of Florida; and

---

[2] The Omnibus proceedings are described in Stevens v. Sec'y of HHS, No. 99-594V, 2006 WL 659525 (Fed. Cl. Spec. Mstr. Feb. 24, 2006). The Omnibus was divided into four test cases, one for each category of injury—multiple sclerosis ("MS"), GBS, transverse myelitis ("TM"), and chronic inflammatory demyelinating polyneuropathy ("CIDP"). The GBS and CIDP test cases were later combined into one case. Gilbert v. Sec'y of HHS, No. 04-455V, 2006 WL 1006612 (Fed. Cl. Spec. Mstr. Mar. 30, 2006).

      d.  an amount sufficient to purchase the annuity contract subject to the conditions described in section II.D of the attached proffer.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

Dated: March 28, 2014                                                           /s/ Laura D. Millman
                                                                                                                                    Laura D. Millman
                                                                                                                                    Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| DR. ROBERT G. SHARKEY and <br> JACQUELINE K. SHARKEY, as parents and <br> natural guardians of R.R.S. <br><br> Petitioners, <br><br> v. <br><br> SECRETARY OF THE DEPARTMENT OF <br> HEALTH AND HUMAN SERVICES, <br><br> Respondent. | No. 99-669V <br> Special Master Millman |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

I. **Items of Compensation**

   A.  Life Care Items

The respondent engaged life care planner, Ginger Walton, MSN, FNP, CNCLP, to provide an estimation of R.R.S.'s future vaccine-injury related needs. For the purposes of this proffer, the term "vaccine-related" is as described in Chief Special Master Lord's Decision on Entitlement filed December 10, 2010. All items of compensation identified in the life care plan are supported by the evidence, and are illustrated by the chart entitled Appendix A: Items of Compensation for R.R.S., attached hereto as Tab A.[1] Respondent proffers that R.R.S. should be awarded all items of compensation set forth in the life care plan and illustrated by the chart attached at Tab A. Petitioners agree.

---

[1] The chart at Tab A illustrates the annual benefits provided by the life care plan. The annual benefit years run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the anniversary of the date of judgment.

-1-

B.  <u>Lost Earnings</u>

The parties agree that based upon the evidence of record, R.R.S. has suffered a loss of earnings and will not be gainfully employed in the future. Therefore, respondent proffers that R.R.S. should be awarded lost earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(B). Respondent proffers that the appropriate award for R.R.S.'s lost earnings is $877,840.70. Petitioners agree.

C.  <u>Pain and Suffering</u>

Respondent proffers that R.R.S. should be awarded $250,000.00 in actual and projected pain and suffering. This amount reflects that the award for projected pain and suffering has been reduced to net present value. <u>See</u> 42 U.S.C. § 300aa-15(a)(4). Petitioners agree.

D.  <u>Past Unreimbursable Expenses</u>

Evidence supplied by petitioners documents their expenditure of past unreimbursable expenses related to R.R.S.'s vaccine-related injury. Respondent proffers that petitioners should be awarded past unreimbursable expenses in the amount of $1,329,251.68. Petitioners agree.

E.  <u>Medicaid Lien</u>

Respondent proffers that R.R.S. should be awarded funds to satisfy the State of Florida lien in the amount of $932,088.85, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of Florida may have against any individual as a result of any Medicaid payments the State of Florida has made to or on behalf of R.R.S. from the date of his eligibility for benefits through the date of judgment in

this case as a result of his vaccine-related injury suffered on or about June 7, 1995, under Title XIX of the Social Security Act.

II.     **Form of the Award**

The parties recommend that the compensation provided to R.R.S. should be made through a combination of lump sum payments and future annuity payments as described below, and request that the special master's decision and the Court's judgment award the following:

A. A lump sum payment of $2,888,204.00, representing compensation for lost earnings ($877,840.70), pain and suffering ($250,000.00), and life care expenses for Year One ($1,760,363.30), in the form of a check payable to petitioners as guardian(s)/conservator(s) of R.R.S., for the benefit of R.R.S. No payments shall be made until petitioners provide respondent with documentation establishing that they have been appointed as the guardian(s)/conservator(s) of R.R.S.'s estate;

B. A lump sum payment of $1,329,251.68, representing compensation for past unreimbursable expenses, payable to Dr. Robert G. Sharkey and Jacqueline K Sharkey, petitioners;

C. A lump sum payment of $932,088.85, representing compensation for satisfaction of the State of Florida Medicaid lien, payable jointly to petitioners and

Agency for Health Care Administration
Florida TPL Recovery Unit
P.O. Box 12188
Tallahassee, FL 32317-2188
Attn: Mr. Mark Lyles
Case ID: 122140

-3-

Petitioners agree to endorse this payment to the State of Florida.

D. An amount sufficient to purchase the annuity contract,[2] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A, attached hereto, paid to the life insurance company[3] from which the annuity will be purchased.[4] Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioners as guardian(s)/conservator(s) of the estate of    R.R.S.    , for the benefit of R.R.S. , only so long as  R.R.S.    is alive at the time a particular payment is due. At the Secretary's sole discretion, the periodic payments may be provided to petitioners in monthly, quarterly, annual or other installments. The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioners and do not require that the payment be made in one annual installment.

---

[2] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[3] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

    b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

    c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

    d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

[4] Petitioners authorize the disclosure of certain documents filed by the petitioners in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

1. <u>Growth Rate</u>

Respondent proffers that a four percent (4%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life care items. Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: four percent (4%) compounded annually from the date of judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items. Petitioners agree.

2. <u>Life-Contingent Annuity</u>

Petitioners will continue to receive the annuity payments from the Life Insurance Company only so long as R.R.S. is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of R.R.S.'s death.

3. <u>Guardianship</u>

No payments shall be made until petitioners provide respondent with documentation establishing that they have been appointed as the guardian(s)/conservator(s) of R.R.S.'s estate. If petitioners are not authorized by a court of competent jurisdiction to serve as guardian(s)/ conservator(s) of the estate of R.R.S., any such payment shall be made to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of R.R.S. upon submission of written documentation of such appointment to the Secretary.

III. **Summary of Recommended Payments Following Judgment**

    A.    Lump Sum paid to petitioners as guardian(s)/conservator(s) of R.R.S.'s estate:    **$2,888,204.00**

    B.    Lump sum paid to petitioners:    **$1,329,251.68**

    C.    Medicaid Lien:    **$ 932,088.85**

    D.    An amount sufficient to purchase the annuity contract described above in section II. D.

                Respectfully submitted,

                STUART F. DELERY
                Assistant Attorney General

                RUPA BHATTACHARYYA
                Director
                Torts Branch, Civil Division

                VINCENT J. MATANOSKI
                Deputy Director
                Torts Branch, Civil Division

                HEATHER L. PEARLMAN
                Senior Trial Attorney
                Torts Branch, Civil Division

                <u>s/Linda S. Renzi</u>
                LINDA S. RENZI
                Senior Trial Counsel
                Torts Branch, Civil Division
                U.S. Department of Justice
                P.O. Box 146
                Benjamin Franklin Station
                Washington, D.C.  20044-0146
                Telephone: (202) 616-4133

Dated:       March 28, 2014